## Commonwealth ex rel. Jackson v. Banmiller

*Benjamin H. Renshaw, Jr.*, Assistant District Attorney, *Juanita Kidd Stout*, Assistant District Attorney, and *Victor H. Blanc*, District Attorney, for Commonwealth.

*John Jackson*, p.p., relator.

WATERS, J., September 2, 1959.—Relator appeared before Judge Sloane in the court of oyer and terminer on December 9 and 10, 1957, with his counsel, and pleaded guilty to the charges of aggravated robbery contained in bills of indictment of August sessions 1957, nos. 1052, 1053 and 1091. After hearing testimony, Judge Sloane deferred sentence. On April 14, 1958, relator was sentenced to serve not less than 20 nor more than 40 years. When he was brought before the court for imposition of sentence, relator asked leave to withdraw his plea of guilty and enter a plea of not guilty, which request the court refused. Relator is now serving his sentence in the Eastern State Penitentiary.

This is the second petition for a writ of habeas corpus filed by this relator. His first petition was dismissed by Judge Doty on March 13, 1959. The present petition raises two questions which were not contained in the first. The relator maintains: (1) That the court's refusal to permit withdrawal of the guilty plea and entry of a plea of not guilty violated relator's constitutional right to a trial by jury, and (2) that the court was without jurisdiction to impose sentence on relator after the expiration of the term of court in which the plea was entered and the hearing held. Neither contention has merit.

Section 24 of the Amended Procedures for Arraignment of Defendants and Assignment of Criminal Cases adopted by the judges of the Courts of Oyer and Terminer and General Jail Delivery and Quarter Sessions of Philadelphia County provides: "A defendant may withdraw his plea of guilty or waiver of jury trial at any time prior to the introduction of evidence by the Commonwealth. Thereafter, such withdrawal shall be subject to the discretion of the trial judge." Moreover, it is settled law that an application to withdraw a plea of guilty and to enter a substitute plea of

not guilty is addressed to the discretion of the court before which the plea is entered: Commonwealth v. Todd, 186 Pa. Superior Ct. 272 (1958); Commonwealth v. Senauskas, 325 Pa. 69 (1937).

It is equally well settled that a court of competent jurisdiction does not lose its power to sentence a convicted defendant after the expiration of the term at which the conviction was had: Commonwealth ex rel. Holly v. Ashe, 368 Pa. 211 (1951).

Inasmuch as it did not appear that relator's constitutional rights had been violated or that his sentence was illegal, and inasmuch as no substantial question was presented as to those matters, the petition was dismissed, pursuant to Pa. R. C. P. *993(e).